**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| IAN CHRISTOPHER ANDERSON | : | |
| | : | |
| Appellant | : | No. 1698 MDA 2017 |

Appeal from the Judgment of Sentence October 16, 2017
in the Court of Common Pleas of Adams County
Criminal Division at No.:  CP-01-CR-0000961-2016

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 07, 2018**

Appellant, Ian Christopher Anderson, appeals from the judgment of sentence imposed following his bench trial convictions of four counts of invasion of privacy.  Specifically, he challenges the denial of his motion to suppress evidence found in a lock box and, subsequently, his computer, on an unannounced home visit by his probation officers.[1]  We conclude that in the totality of circumstances, the probation officers had both Appellant's consent and reasonable suspicion to search the lock box and the computer. Accordingly, we affirm.

We derive the facts of the case from the trial court's opinion filed December 5, 2017, referencing its order and opinion on Appellant's motion to

---

[1] The box is variously referred to as a lock box, a safe or a safety deposit box.

---

*   Retired Senior Judge assigned to the Superior Court.

suppress filed April 4, 2017, and our independent review of the certified record.[2] (*See* Rule 1925(a) Opinion, 12/05/17; Opinion on [Appellant's] Motion for Suppression, 4/04/17, at 1-4; N.T. Proceedings, 12/29/16).

On July 9, 2014, York County Probation Officers Christian Deardorff and Dana Flay conducted an unscheduled field visit to Appellant's residence.[3] Appellant was on probation following conviction for possession of drug paraphernalia. As a condition of probation, Appellant had agreed to be subject to a search of his person, his vehicle, and his residence. Appellant also agreed, among other things, not to possess weapons and to refrain from the use of drugs or alcohol.

Appellant told the probation officers that he slept on a couch in the basement. The officers were skeptical as the couch appeared to be used for storage. It was covered in boxes, clothing, and other items. Appellant then led the probation officers to the main floor of the house, where he stated he kept other belongings.

There, in plain view, the officers saw a knife, and a digital scale of the kind drug dealers use. Appellant also pointed to a firearm in the corner of the room, leaning against a wall. The firearm was loaded. Officer Deardorff also

---

[2] Counsel for Appellant failed to include the opinions of the trial court in the brief, violating Pennsylvania Rule of Appellate Procedure 2111(a)(10), and (b). Counsel also failed to include a statement of errors. *See* Pa.R.A.P. 2111(a)(11).

[3] Appellant lived in the home of his mother.

noticed the lock box on the floor. Appellant claimed not to know what was in it. The box contained marijuana pipes and a crack pipe, a pill bottle with marijuana seeds, a small amount of marijuana residue, and CD/DVD disks.

Using Appellant's computer (with his permission and password) the officers found that the DVDs contained nude images of Appellant's five year-old daughter and her nine year-old girlfriend.[4] At this point, Officer Deardorff handcuffed Appellant, read him **Miranda** warnings and placed him under arrest.[5] He also notified the local police.

The case was transferred to Adams County where some of the images of the adult women were taken. (**See** Opinion on Motion for Suppression, at 4 n.4). Appellant filed a motion to suppress, which the trial court denied. Following a stipulated bench trial, the court found Appellant guilty of four counts of invasion of privacy. **See** 18 Pa.C.S.A. § 7507.1(a)(1).

On October 16, 2017, the court sentenced Appellant to an aggregate term of not less than six nor more than twenty-three months plus twenty-nine days of incarceration, followed by three years of consecutive probation. This timely appeal followed. Appellant filed a court-ordered statement of errors on

---

[4] They also contained nude images of a former girlfriend and his present girlfriend, using the bathroom and bathing.

[5] **Miranda v. Arizona**, 384 U.S. 436 (1966).

November 30, 2017. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on December 5, 2017. *See* Pa.R.A.P. 1925(a).

Appellant presents one compound question for our review:

> Whether the [t]rial [c]ourt erred by not granting suppression of evidence where Appellant was directed to open the lockbox in his bedroom by Officer Deardorff, prior approval from his supervisor was not obtained, the intent of the officer was to get in the box even by taking it back to his office and there was no reasonable belief that anything illegal was in there as evidence of the Appellant violating his supervision was already found, *i.e.* firearm, knife and drug paraphernalia? Further, whether he was in custodial detention, not mirandized (sic) and the search was conducted after criminal charges were apparent and done so with knowledge that a warrant may be required?

(Appellant's Brief, at 4).

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. McAdoo*, 46 A.3d 781, 783–84 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013) (citation omitted).

- 4 -

"[A] parolee and a probationer have limited Fourth Amendment rights because of a diminished expectation of privacy . . . . [T]he requirement that a parole [or probation] officer obtain a warrant based on probable cause before conducting a search does not apply." ***Commonwealth v. Moore***, 805 A.2d 616, 620 (Pa. Super. 2002) (quoting ***Commonwealth v. Williams****,* 692 A.2d 1031, 1035 (Pa. 1997)).

> Initially, it must be remembered that "the very assumption of the institution of probation" is that the probationer "is more likely than the ordinary citizen to violate the law." ***See United States v. Knights****,* 534 U.S. 112, [120] . . . (2001) (citations omitted). In that case, regarding the search of a probationer, the [United States Supreme] Court stated the following:
>
> > Although the Fourth Amendment ordinarily requires the degree of probability embodied in the term "probable cause," a lesser degree satisfies the Constitution when the balance of governmental and private interests makes such a standard reasonable. Those interests warrant a lesser than probable cause standard here. When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable. The same circumstances that lead us to conclude that reasonable suspicion is constitutionally sufficient also render a warrant requirement unnecessary.
>
> ***Id.*** at 588 . . . (citations omitted).
>
> In establishing reasonable suspicion, the fundamental inquiry is an objective one, namely, whether "the facts available to the officer at the moment of the [intrusion] 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." ***Terry v. Ohio****,* 392 U.S. 1, 21, 22, . . . (1968) (citations omitted); ***see also Commonwealth v. Zhahir****,* 561 Pa. 545, 552, 751 A.2d 1153, 1156 (2000). "This assessment, like that applicable to the determination of probable cause, requires an evaluation of the totality of the circumstances, with a lesser

showing needed to demonstrate reasonable suspicion in terms of both quantity or content and reliability." ***Commonwealth v. Shine***, 784 A.2d 167, 170 (Pa. Super. 2001) (citations omitted).

***Moore***, ***supra*** at 619–20.

Here, on independent review, we conclude that the suppression court's factual findings are supported by the record, and the court properly denied suppression. Based on Appellant's evasive and implausible responses, confirmed by the discovery of drug paraphernalia and multiple weapons, the probation officers had a reasonable suspicion to search the lock box and view the DVDs on Appellant's computer. Appellant, who had signed the consent to search documents as a condition of his probation, consented to the searches. Considering the totality of circumstances, the court properly concluded that Appellant consented to the search of his safe, CDs (DVDs) and computer.

Appellant asserts, but fails to develop, a supporting argument that he should have received a ***Miranda*** warning earlier than when he did. (***See*** Appellant's Brief, at 14-16). Accordingly, this claim is waived. ***See*** Pa.R.A.P. 2119(a), (b). In any event, Appellant's claim would not merit relief. He fails to assert that he made any incriminating statement in violation of his privilege under the Fifth Amendment to the Constitution not to be compelled to incriminate himself. Similarly, Appellant asserts an undeveloped argument that the probation officers should have contacted their supervisor before his arrest. There is no constitutional right to the observance of internal administrative procedures.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/07/2018